**PERRY et al. v. SILER et al.**

No. 4989.

Court of Civil Appeals of Texas. Texarkana.

July 1, 1936.

Rehearing Denied Sept. 10, 1936.

Slay & Simon, of Fort Worth, for plaintiffs in error.

Turner, Rodgers & Winn, of Dallas, Vinson, Elkins, Sweeton & Weems and David T. Searls, all of Houston, Smith & West, of Henderson, and Clay Tallman and L. A. Thompson, Jr., both of Tulsa, Okl., for defendants in error.

HALL, Justice.

Plaintiffs in error, Tennie J. Perry, widow of W. J. Perry, deceased, and her children, brought this suit in trespass to try title to 8.3 acres of land located in Rusk county, Tex., against W. H. Siler and wife, Mary Siler, individually and as community administrator of the estate of W. H. Siler, an insane person, Eddie Mason, a daughter of Mary Siler by a former marriage, the Pure Oil Company, the Stanolind Oil & Gas Company, and N. Gray. W. B. Perry, deceased, was a child of W. R. (Ranse) Perry. Lou Perry Palmer, Martha Lee Perry Duncan, Mary R. Perry Ross, Eliza Ella Perry Hunter, and George Perry were the other children of W. R. Perry. On or about December 14, 1863, W. R. Perry filed a set of field notes in the General Land Office to purchase 70 acres of land in Rusk county, which included the land in controversy. The survey of this land was made for him by the county surveyor of Rusk county on December 22, 1862, and a record thereof was made in the surveyor's records of Rusk county on December 28, 1862. On August 11, 1863, W. R. Perry paid to the county surveyor of Rusk county the sum of $35, being 50 cents per acre, the purchase price of said land under the statutes existing at that time. On January 15, 1864, the county surveyor of Rusk county wrote the following letter to the land commissioner at Austin:

"S. Crosby, Commissioner,

"Dear Sir: William Perry is a soldier in the Army and has been from the time this survey was made and has not the opportunity of sending the money sooner. I have sent the money by private conveyance which will be handed you a short time after the receipt of this.

"With much respect yours, etc.,

"J. C. King."

No other steps were taken by W. R. Perry to secure a patent on this land and the matter lay dormant in the Land Office as "File No. 32, Rusk, Scrip, field notes, 70 acres, William R. Perry."

During the summer of 1931 plaintiffs in error learned of the existence of the W. R. Perry scrip, and on October 1, 1931, made application to the land commissioner for a patent to the 70 acres of land covered by W. R. Perry's original application, and tendered to the commissioner $70, believing that the W. R. Perry scrip represented 70 acres of land. Later, in January, 1932, it was found by actual survey that there were only 37 acres represented by said scrip. It also appears that during the month of January, 1932, other heirs of W. R. Perry, not of the family of W. B. Perry, had a survey made of this land by which it was determined that there were only 34.55 acres thereof, and these heirs made application to the land commissioner for a patent to said land based upon their heirship to W. R. Perry. On February 16, 1932, an application was filed by Mary Siler, individually and as administrator of the estate of W. H. Siler, an insane person, and Eddie Mason, for a patent to 8.3 acres of the land covered by the applications of both sets of the Perry heirs. This 8.3 acres is the land involved in this suit.

The record reflects, further, that one N. Gray on October 5, 1931, made application to the land commissioner to lease the whole of the land covered by the Perry scrip for oil and gas purposes, which application was rejected by the land commissioner on November 4, 1931.

On May 13, 1932, a hearing was conducted by J. H. Walker, land commissioner, on these applications involving this tract of land. It seems that all the parties were present and represented, but plaintiffs in error assert that on account of short notice no one representing them was present except Burton Perry, one of their number, and his attorney. The Silers were present with witnesses and an attorney. An Assistant Attorney General was also present assisting the land commissioner. At the conclusion of this hearing the land commissioner in-

dicated that the north 8.3-acre tract of land would be patented to the Silers and the south 26.83 acres would be patented to the heirs of W. R. Perry.

On May 21, 1932, plaintiffs in error filed this suit in Rusk county in trespass to try title against defendants in error, and also seeking an injunction against J. H. Walker restraining him from issuing patents covering this land. This injunction was granted by the district judge of Rusk county. During August, 1932, J. H. Walker filed a plea of privilege to be sued in Travis county. This plea was not controverted, and the cause of action, in so far as it affected Commissioner Walker, was transferred to Travis county. On November 23, 1932, a general demurrer was sustained to this suit by the district court of Travis county, and in January, 1932, same was by said district court dismissed. And the same day the Travis county district court sustained the general demurrer to plaintiffs in error's suit the land commissioner issued a patent to W. H. Siler, Mary Siler, and Eddie Mason, covering the north 8.3 acres of the W. R. Perry scrip, and on the 26th day of November, 1932, issued to W. R. Perry, his heirs and assigns, a patent covering the south 26.83 acres of the W. R. Perry scrip. The tract of land covered by both the W. R. Perry patent and the Siler patent is a strip about 110 varas wide, from east to west, and 1,900 varas long, from north to south. It is rectangular in shape and is bounded on the east by the Hemby survey and on the west by the Rowan and Tipps surveys. The record discloses that the Silers owned a tract of land in the Hemby survey adjoining the 8.3 acres on the east, which was under an oil and gas lease to the Pure Oil Company. The Perrys also owned a tract of land in the Hemby survey adjoining the 26.83 acres on the east. On January 9, 1933, the Silers leased the 8.3 acres in controversy to the Pure Oil Company and the Stanolind Oil & Gas Company. The Pure Oil Company had theretofore leased the other lands owned by the Silers and had assigned an interest in same to the Stanolind Oil & Gas Company. In addition to their trespass to try title, plaintiffs in error allege in detail the steps taken by their ancestor, W. R. Perry, in respect to perfecting title to the land in controversy; that they had been in possession of all the land covered by both patents for more than 25 years; that the patent issued to the Silers was void and constituted a cloud on their title. Their prayer was:

"Wherefore, Premises considered, plaintiffs pray that the defendants be cited to appear and answer herein, and that the award and patent in and to the $8\frac{1}{4}$ acres of land in question in favor of the Silers, Masons and the Pure Oil Company be, cancelled and held for naught, and that as against all defendants the cloud on these plaintiffs' title in and to said $8\frac{1}{4}$ acres of land be removed; that the right, title and interest of these plaintiffs in and to the land in question be declared prior and superior to the rights of any of the defendants, and that the full title in and to said land in question be invested in these plaintiffs and divested out of the defendants, and that the plaintiffs recover title and ownership of the land, together with all improvements thereon; that the defendants Pure Oil Company and Stanolind Oil & Gas Company account to the plaintiffs for the oil which has been produced from the land in question. Plaintiffs further pray for general relief and for their costs herein."

The defendants in error answered by pleas to the jurisdiction of the Rusk county district court, in abatement, and res adjudicata, general denial, and plea of not guilty. In addition to the above, the Pure Oil Company and the Stanolind Oil & Gas Company pleaded improvements in good faith. At the conclusion of the testimony, and upon motion of defendants in error, the trial court peremptorily instructed the jury to return a verdict for them, and judgment was entered accordingly for the defendants in error. From this judgment the plaintiffs in error have appealed to this Court. Judgment was also rendered against N. Gray, from which no appeal was taken.

One of the theories upon which defendants in error seek to uphold the action of the trial court in instructing the verdict for them is stated in their third proposition: "The acceptance by plaintiffs in error of title under the patent issued November 26, 1932, to the heirs of W. R. Perry, completely estops them from asserting title to any other land covered by an application or field notes of which the land granted in the patent is a part." W. R. Perry filed field notes designating this land in compliance with Act of February 1, 1860, and his heirs based their claim on his acts in this regard in their application made in compliance with article 5421c, R.S. of Texas (Centennial Ed.), and the land commissioner issued the two patents to the land in controversy under the authority of the article of the statute cited last above; the

294

one to W. R. Perry and his heirs to the south 26.83 acres being issued on corrected field notes filed by the heirs of W. R. Perry other than plaintiffs in error.

While this suit was pending, and before the trial thereof in the district court, all the heirs of W. R. Perry comprising all who joined in both applications for patent to this land and one E. O. Gilbert executed the following partition deed involving the land covered by both the Perry patent and the Siler patent:

"State of Texas }
"County of Rusk }

"Know All Men by These Presents:

"That this instrument made between Tennie J. Perry, a widow, T. N. Perry, W. B. Perry, Jr., Mrs. Myrtle Cone, joined herein by her husband, E. B. Cone, Mrs. Lorine Whittington, joined by her husband R. K. Whittington, Burton Perry, Curtye Jane Perry, a feme sole, Georgia Perry, a widow, Carl E. Perry, Ray P. Perry, J. A. Perry, Elizabeth Willingham, joined by her husband, Lawrence Willingham, Donald P. Perry, Jim Hunter, Rosie Luman, joined by her husband, William Luman, Thomas Ross, J. S. Ross, Mittie McMichael, a widow, and E. O. Gilbert, witnesseth:

"That, whereas the above named parties have and hold in common the lands hereinafter mentioned and are desirous of making partition of the same:

"It is hereby covenanted, granted, concluded and agreed by and between said parties, and each of them covenants, grants, concludes and agrees for himself, themselves, his and their heirs and assigns, that a partition of said lands be made as follows, viz:

"First, that the said Georgia Perry, Carl E. Perry, Ray P. Perry, J. A. Perry, Elizabeth Willingham, in her own separate right and estate, Donald P. Perry, Jim Hunter, Rosie Luman, in her separate right and estate, Thomas Ross, J. S. Ross, and Mittie McMichael, in her separate right and estate, shall from henceforth have, hold, possess and enjoy in severalty from all and each of the other parties hereto, as cotenants each of the other in the respective proportions, each to the other as the heirs of William R. Perry, Deceased, in accordance with the law of descent and distribution in Texas, and to them in such proportions and their heirs and assigns for their respective part, share and proportion of the said lands and premises all of the oil, gas and other minerals in and under and that

may be produced from the following described tract and parcel of land, situated in Rusk County, Texas, and being the North Five (5) acres of the South Ten (10) acres of the following described tract to-wit:

"Beginning at the S W corner of the Joseph Hemby Survey on the N bdy line of the Wm. Christian Survey, a stake, the S E corner of this tract, 950.4 varas W. of the NE corner of the Christian survey;

"Thence N. 1468.8 varas the SE corner of the 8.3 acre tract in the name of W. H. Siler, a stake the NE corner of this tract, in the W. bdy line of the Hemby survey;

"Thence N. 82 deg 42' W. 103.4 varas the SW corner of the said 8.3 acre tract in the E. bdy line of the W. J. Roane survey, a stake, the NW corner of this tract;

"Thence S. pass the SE corner of the Roane Survey, 144 varas, the NE corner of the Peter Tipps survey, a stake in beaver run, 1,483.3 varas a stake the SW corner of this tract in the E. bdy line of the Tipps survey, the NW corner of the Wm. Christian survey, N. 58 varas from the SE corner of the Peter Tipps survey.

"Thence E. 102.6 varas with the N. bdy line of the Wm. Christian survey to the place of beginning.

"Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals, and removing the same therefrom.

"And the other parties hereto do grant, release and convey unto them the premises above described;

"To have and to hold the above described premises, with all and singular the hereditaments and appurtenances thereunto belonging unto the said Georgia Perry, Carl E. Perry, Ray P. Perry, J. A. Perry, Elizabeth Willingham, in her separate right and estate, Donald P. Perry, Jim Hunter, Rose Luman, in her separate right and estate, Thomas Ross, J. S. Ross, and Mittie McMichael, in her separate right and estate, their heirs and assigns forever.

"Second: The said E. O. Gilbert shall from henceforth, have, hold, possess and enjoy in severalty by himself and to him and his heirs and assigns, for his part, share and proportion of the said land and premises all of the oil, gas and other minerals in and under and that may be produced from the following described tract of land, situated in Rusk County, Texas, and being the south five (5) acres of the South ten (10)

acres of the following described tract, to-wit:

"Beginning at the SW corner of the Joseph Hemby survey on the N bdy line of the Wm. Christian survey, a stake the S E corner of this tract, 950.4 varas W of the N E corner of the Christian survey;

"Thence N 1,468.8 varas the S E corner of the 8.3 acres tract in name of W. H. Siler, a stake, the N. E. corner of this tract, in the W bdy line of the Hemby survey;

"Thence N 82 deg 42' W 103.4 varas the S W corner of the said 8.3 acre tract, in the E bdry line of the W. J. Roane survey a stake, the N W corner of this tract;

"Thence S pass the S E corner of the Roane survey, 144 varas, the N E corner of the Peter Tipps survey a stake in beaver ruin, 1483.3 varas a stake the S W corner of this tract, in the E bdy line of the Tipps survey, the N W corner of the Wm. Christian survey, N 58 varas from the S E corner of the Peter Tipps survey.

"Thence E 102.6 varas with the N bdy line of the Wm. Christian survey to the place of beginning.

"Together with all the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals and removing the same therefrom.

"And the other parties hereto do grant, release and convey unto him the premises above named.

"To have and to hold the above described premises, with all and singular the hereditaments and appurtenances thereunto belonging unto the said E O Gilber, his heirs and assigns forever.

"Third, the said Tennie J Perry, T N Perry, W B Perry, Jr., Mrs. Myrtle Cone, in her own separate right and estate, Mrs. Lorine Whittington, in her separate right and estate, Burton Perry and Curtye Jane Perry shall from henceforth have, hold, possess and enjoy in severalty by themselves and to them, their heirs and assigns for their part, share and proportion of the said land and premises all of the right, title and interest of each and all of the parties hereto in and to the following described tract of land, to-wit, situated in Rusk County, Texas, and

"Being about 7 miles South west from the County Seat of said County, said 37 acres.

"Beginning at the N W corner of the J Hemby 320 acre survey from which a White Oak brs S 45 E 3 vrs, and a Red Oak brs S 63 W 4.2 vrs;

"Thence west 110 vrs to a stake for corner in Beaver ruin;

"Thence South 1,900 vrs to a stake for corner on the E B L of the Peter Tipps survey from which a Black Jack brs S 15 W 2.4 vrs, and a Pine brs N 33 W 10.5 vrs;

"Thence East 110 vrs to the S W of the J Hemby survey, a stake in field for corner;

"Thence North 1,900 vrs to the place of beginning, save and except the property and premises hereinbefore set apart and conveyed to the said Georgia Perry, Carl E Perry, Ray P Perry, J. A. Perry, Elizabeth Willingham, Donald P Perry, Jim Hunter, Rosie Luman, Thomas Ross, J S Ross, Mittie McMichael and E O Gilbert.

"And the other parties hereto do grant, release and convey unto him the premises above described.

"To have and to hold the above described premises, with all and singular the hereditaments and appurtenances thereunto belonging unto the said Tennie J Perry, T N Perry, W B Perry, Jr., Mrs. Myrtle Cone, Mrs. Lorine Whittington, Burton Perry, and Curtye Jane Perry, their heirs and assigns forever.

"Fourth: and we, each for ourselves, do hereby bind ourselves our heirs, executors and administrators, respectively, to warrant and forever defend all and singular the said premises respectively conveyed to each of the parties hereto, each to the other, his heirs and assigns respectively, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, by, through and under him.

"In witness whereof, we have hereunto set our hands this the 2nd day of August, 1933."

It is contended by appellees that plaintiffs in error by entering into this agreement of partition are estopped to contend for the title to the 8.3 acres patented in the name of Siler. In other words, an acceptance under the patent to the 26.83 acres to W. R. Perry and his heirs bars plaintiffs in error's claim to the land covered by the Siler patent. In this partition E. O. Gilbert is given the minerals in and under the south 5 acres of the south 10 acres under the Perry patent. The Perry heirs, other than plaintiffs in error, were given the minerals in and under the north 5 acres of the south 10 acres of the Perry patent. The description in the deeds covering the minerals to Gilbert and the Perry heirs, other than plaintiffs in

error, the southeast and southwest corners of the land described in the Siler 8.3-acre patent are called for and the field notes used in said descriptions are almost identical with the corrected field notes filed with the land commissioner by the Perry heirs, other than plaintiffs in error, and upon which the Perry patent was issued. In the partition deed set out above it will be noted that the parties thereto make this declaration: "That whereas the above named parties *have and hold in common the lands hereinafter mentioned* and are desirous of making partition of same." And at the time the partition deed was executed by all the Perry heirs and Gilbert the Perry patent was on record in the Deed Records of Rusk county, Tex. It is an admitted fact that plaintiffs in error are now holding under the patent issued to W. R. Perry and his heirs to the extent of all the surface and the surface and minerals of the north 16.83 acres of the south 26.83 acres, and in this suit are contending for only 8.3 acres patented to the Silers. It is our opinion that the acceptance by plaintiffs in error of the benefits under the patent issued in the name of their ancestor, W. R. Perry, and his heirs, was a ratification by them of the filing of corrected field notes with the land commissioner by their co-owners and kinsmen, and estops them from contending for the 8.3 acres contained in the original field notes filed by them and patented to the Silers. And we think this is true even though at the time of said partition agreement plaintiffs in error's suit was pending with respect to the 8.3 acres.

We think the case of Miller v. Yates, 122 Tex. 435, 61 S.W.(2d) 767, 768 by the Supreme Court is in point. In passing upon a similar question, the court said:

"The case is decided when we reaffirm the soundness of the principle that the assignee of a land certificate loses all title or claim to so much land as may be included in an original file and survey thereunder as is without the limits of a corrected survey on which such assignee accepts a patent.

"The proposition urged by plaintiff in error as controlling here is thus stated in her brief in the Supreme Court as follows:

" 'The Court of Civil Appeals [15 S.W. (2d) 730] erred in holding that the peremptory charge in favor of defendants was properly given by the trial court, because Miller, having located valid certificates upon the land in controversy and having seasonably complied with all provisions of the law at that time in effect, acquired a good and valid title to the land in controversy and a vested right therein, and this record failing to show any act or deed whereby such title was divested out of Miller, plaintiff, Miller's successor in title, was entitled to recover herein as prayed for by her, and the Court of Civil Appeals erred in holding that the peremptory charge against her was properly given by the trial court.

" 'Miller being without knowledge of the true facts, the Court of Civil Appeals erred in holding that acquiescence by him in the so-called correction of field notes and acceptance of patents thereunder precluded Miller and those claiming under him from asserting any rights to the land in controversy.'

"The law charged Miller with knowledge of all material facts which he must have known had he elected to avail himself of his statutory right to ascertain the correctness of the land office sketches and map. Having elected not to avail himself of his statutory right, but having in effect represented to the land office by presentation of the corrected field notes that he no longer asserted claim or title to anything without the bounds of the corrected survey, his rights thereafter were precisely the same as though the file and surveys had stood from the beginning as corrected.

"The authorities cited by plaintiff in error as to the nature of the title acquired by location and survey under a valid land certificate have no application to an area after the time such area is taken out of such location and survey by due correction of the field notes of the survey. * * *

"As said by Mr. Justice Pleasants, speaking for the Galveston Court of Civil Appeals, in a case wherein writ of error was refused, styled Montgomery County v. Angier, 32 Tex.Civ.App. 451, 74 S.W. 957, 959: *'Plaintiff testified that he did not intend to abandon his claim to the land in controversy by filing corrected field notes of the John Heyser survey and obtaining a patent thereon which did not include the land in controversy, but this is immaterial. The effect of the filing of the corrected field notes and the issuance of a patent thereon at the request of plaintiff was to cancel the original field notes, and thus annul the only title under which plaintiff claimed the land in controversy, and this result was accomplished regardless of plaintiff's intention.'* " (Italics ours.)

See, also, Miller v. Yates, 15 S.W.(2d) 730, same case, by the Court of Civil Appeals, and authorities there cited; Holmes v. Yates, 122 Tex. 428, 61 S.W.(2d) 771.

While it is true plaintiffs in error did not file corrected field notes covering only the south 26.83 acres, their co-owners and kinsmen did, and the act of plaintiffs in error in accepting and holding a portion of the land under the patent to W. R. Perry and his heirs was a ratification of the acts of their kinsmen in filing the field notes, and they are now bound to the same extent as if they had themselves filed the corrected field notes.

Therefore the action of the trial court in peremptorily instructing the jury to render a verdict for defendants in error, in our opinion, was fully warranted. This conclusion makes it unnecessary for us to discuss the other propositions brought forward.

The judgment is affirmed.